FILED
AUG 12 2008
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STEVE MARTIN BERINTI, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> I.D. CLAY, Warden, ) <br> ) <br> Respondent. ) <br> ) | Case No. CV 08-1782-VAP (MLG) <br><br> MEMORANDUM OPINION AND ORDER DISMISSING PETITION WITHOUT PREJUDICE |

On October 16, 2004, Petitioner plead guilty to murder in the Los Angeles County Superior. Cal. Penal Code ("CPC") § 187(a). On March 7, 2005, Petitioner was sentenced to a term of 25 years to life in prison.

Petitioner filed an appeal in the California Court of Appeal, which affirmed the judgment on October 30, 2006. An application for review was denied by the California Supreme Court on February 14, 2007.

Petitioner next filed this petition for writ of habeas corpus on March 17, 2008, raising only one ground for relief - a claim that his plea was the result of the ineffective assistance of counsel.

1     On May 19, 2008, Respondent filed a motion to dismiss the petition because the claim presented had not been raised nor exhausted in the California Supreme Court. On July 10, 2008, after receiving one extension of time to file an opposition, Petitioner filed a letter/response to the motion, indicating that he had filed this petition in the wrong court and requesting that the Court "not start my Writ time clock back up until the July 25th, 2008 deadline you granted me in the motion to dismiss." The magistrate judge construed that letter as a concession that the one claim in the petition had not been exhausted and on July 16, 2008, issued an order directing Petitioner to clarify the letter. Petitioner was informed that if he did not clarify his letter response to the motion before July 30, 2008, the petition would be dismissed without prejudice without further notice. No clarification was received and the motion to dismiss is now ready for decision.

    The petition must be dismissed because the one ground for relief raised in it was never presented to the California Supreme Court. A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies as to all of the claims in the petition. 28 U.S.C. § 2254(b)-(c), *Cook v. Schiro*, 516 F.3d 802, 826 (9th Cir. 2008). The exhaustion requirement "ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006) (quoting *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001)). Each federal constitutional claim must be presented to the state supreme court even if that

court's review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999); *Insyxiengmay v. Morgan*, 403 F.3d 657, 667-68 (9th Cir. 2005). Such a requirement affords state courts an opportunity to consider and correct any violation of federal law, thus demonstrating respect for our dual judicial system while also providing a complete record of a petitioner's federal claim as litigated in the state system. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

There is no question that Petitioner has failed to exhaust available state remedies because he has not yet presented to the California Supreme Court, either on direct or collateral review, the claim that his federal constitutional right to effective assistance of counsel was violated. As stated in *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006): "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust. *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001)."

Accordingly, it is ordered that the petition be dismissed without prejudice.

Dated: Aug 4 2008

Virginia A Phillips
United States District Judge

Presented by:

Marc L. Goldman
United States Magistrate Judge